UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM H. HARGRAVE,

Plaintiff,

v.

CAROL PORTER, *et al.*,

Defendants.

Case No. C05-5313RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
NOVEMBER 25th 2005**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss.  (Dkt. # 22).  Defendants characterize the motion as being a motion under Fed. R. Civ. P 12 (B)(6).  The court finds that a motion to dismiss for failure to exhaust administrative remedies is an un-enumerated Rule12 motion.  Plaintiff has not responded to the motion.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court.  The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

REPORT AND RECOMMENDATION- 1

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Plaintiff has failed to exhaust available remedies prior to filing and this action. Accordingly, this action should be **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

The Court should **DISMISS THIS ACTION WITHOUT PREJUDICE** as plaintiff failed to exhaust available administrative remedies. A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 25th, 2005**, as noted in the caption.

DATED this 31st day of October, 2005.

/S/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 2